UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

CASE NO. 9:25-CV-80276-CANNON/MCCABE

THOMAS BURGESS,

       Plaintiff,

v.

MORGAN & MORGAN LAW FIRM,

       Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND DEMAND FOR JURY TRIAL**

Defendant Morgan & Morgan, P.A.[1] ("Morgan & Morgan" or "the Firm"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss Plaintiff Thomas Burgess's ("Plaintiff") Complaint and Demand for Jury Trial ("Complaint") and states as follows:

**BACKGROUND**

Plaintiff is an individual consumer who purportedly sought to retain Morgan & Morgan for legal services after he saw a television advertisement. Plaintiff raises one cause of action: false advertising under the Lanham Act, 15 U.S.C. § 1125. On February 26, 2025, Plaintiff filed his *pro se* Complaint against Morgan & Morgan, asserting various allegations underlying Plaintiff's desire to retain Morgan & Morgan to sue his former medical provider and employer, respectively. His theory of liability appears to be that Morgan & Morgan somehow falsely advertised its services because it declined to represent him in the lawsuits he wished to pursue. Unfortunately for Plaintiff, he has no factual or legal basis to pursue a claim under the Lanham Act. As detailed herein,

_____
[1] Plaintiff improperly named Defendant as "Morgan & Morgan Law Firm."

Plaintiff's claim fails as a matter of law and must be dismissed because as a disappointed would-be consumer, Plaintiff lacks standing under the Lanham Act. This Court must dismiss Plaintiff's Lanham Act claim with prejudice as amendment would be entirely futile.

## **FACTUAL ALLEGATIONS**

Plaintiff's Complaint includes a long recitation of Plaintiff's medical history. Completely devoid from this lengthy recitation is any real explanation as to how Morgan & Morgan falsely advertised its services or is liable to Plaintiff for merely declining his case. To set the stage, Plaintiff describes how he purportedly suffered a gunshot wound in 2007, a drug withdrawal in 2008, a dehydration attack (otherwise known as syncope) in 2017 and 2019, and two suicide attempts, among other medical events. (Compl. ¶¶ 28, 30, 31, 49, 65). Sometime after the 2019 syncope, Plaintiff allegedly met with Dr. Jeffrey Rubin, a "suspicious" neurologist who allegedly ran a "pill mill" out of his office. (Compl ¶¶ 31, 34, 76). He allegedly prescribed Plaintiff medications for seizures, not from a pharmacy but from his office. (Compl. ¶¶ 33-35). Dr. Rubin allegedly ultimately reported Plaintiff, a truck driver, to the Florida Department of Motor Vehicles ("FLDMV") as an unsafe driver with epilepsy. (Compl. ¶¶ 35, 48).

Plaintiff's saga continued. He was hospitalized in 2022 in Chicago, Illinois, for another syncope incident while driving his truck, which resulted in him being allegedly wrongfully terminated from employment with "U.S.A. Truck" now known as "DB Schenker." (Compl. ¶¶ 15-17, 47, 69-70). Plaintiff allegedly later met with other doctors, who informed the FLDMV that Plaintiff was safe to drive a semi-truck; these doctors allegedly determined Plaintiff did not have epilepsy, contrary to Dr. Rubin's earlier mis diagnosis. (Compl. ¶¶ 52-60). According to Plaintiff, Dr. Rubin's alleged misdiagnosis of Plaintiff cost Plaintiff his job, his reputation, and put him in a "major financial debt." (Compl. ¶ 78).

At an unknown time and place, Plaintiff allegedly saw a television advertisement for Morgan & Morgan's legal services. (Compl. ¶ 79). He also allegedly saw Morgan & Morgan's billboards "all over the country." (Compl. ¶ 79). Plaintiff decided he wanted the Firm's help to sue Dr. Rubin for medical malpractice and to sue U.S.A. Truck for wrongful termination. (Compl. ¶¶ 81-82). Plaintiff allegedly contacted the Firm at some point, and the Firm declined to assist him with his desired litigation. (*See* Compl. Ex. I).

Plaintiff now claims that Morgan & Morgan declined to represent him because "they felt it was not a big pay day, and that should be considered false advertisement because they highly advertise that justice for victims is what they care about first and the money second." (Compl. ¶ 89). According to Plaintiff, because Morgan & Morgan declined to represent him, "this should be certified as false advertisement." (Compl. ¶ 86). Plaintiff claims he has now been forced to represent himself *pro se* in several lawsuits, despite Morgan & Morgan's advertisements that suggest the Firm would "take on cases like [Plaintiff's]." (Compl. ¶ 92). In short, Plaintiff claims he "is a victim and was rejected by Morgan & Morgan who claim to be the most powerful law firm in the world and is willing to take on any case, and all of that is false advertisement." (Compl. ¶ 90). Acting upon his unfounded belief that Morgan & Morgan was required to pursue his claims, Plaintiff now raises a civil action for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). (Compl. p. 25).

## **LEGAL STANDARD**

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Duty Free Ams., Inc. v. Estee Lauder Cos.*, 946 F. Supp. 2d 1321, 1328 (Scola, J.) (S.D. Fla. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "So a pleading that offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will be dismissed." *Id.* Similarly, although "the Court must accept all of the Complaint's well-pled factual allegations as true and construe them in the light most favorable to the plaintiff," *id.*, "allegations absent supporting facts are not entitled to this presumption of veracity." *McIntosh v. Royal Caribbean Cruises Ltd.*, No. 17-CV-23575-RNS, 2018 WL 791342, at *2 (S.D. Fla. Feb. 7, 2018) (citing *Iqbal*, 556 U.S. at 681).

## ARGUMENT

### I. Plaintiff's Claim Must Be Dismissed Because He Lacks Standing

Because Plaintiff is not the type of injured party the Lanham Act is designed to protect, he lacks standing to pursue his claim. The United States Supreme Court has unequivocally found that a cause of action under the Lanham Act is "for competitors, not consumers." *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 107 (2014). The Lanham Act creates a civil action:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce . . . any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

*See* 15 U.S.C. § 1125(a)(1)(B) (civil cause of action for false advertising). To succeed on a claim for false advertising in violation of the Lanham Act, a plaintiff must meet five elements: (1) the

advertisements of the opposing party were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) the movant has been—or is likely to be—injured as a result of the false advertising." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004).

The final element, injury, is intertwined with a plaintiff's standing to pursue a Lanham Act claim. Under the United States Supreme Court's decision in *Lexmark International, Inc. v. Static Control Components, Inc.*, a plaintiff must establish standing by setting forth sufficient factual allegations of: (1) a "zone of interest" i.e., "an injury to a commercial interest in reputation or sales," (2) that was "proximately caused by violations of the statute." 572 U.S. 118, 132 (2014). To establish proximate cause, a plaintiff must "show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and . . . that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.* at 134; *see also TocMail Inc. v. Microsoft Corp.*, 20-60416-CIV, 2021 WL 5084182, at *4 (S.D. Fla. July 16, 2021) ("A plaintiff sufficiently pleads injury under the Lanham Act if it plausibly alleges any 'economic or reputational harm' caused by defendant's misrepresentations which led consumers to 'withhold trade from the plaintiff.'"). Typically, the necessary injury in a Lanham Act false advertising case is diversion of a plaintiff's customers and the concomitant lost profits. *See Natural Answers, Inc. v. Smithkline Beecham Corp.*, 529 F.3d 1325, 1331 (11th Cir. 2008). It is clear from the face of the Complaint that Plaintiff cannot establish the requisite standing to sue and his Complaint must be dismissed.

        1.    <u>Plaintiff failed to allege a concrete injury falling within the Lanham Act's zone of interests.</u>

Plaintiff's claim must be dismissed because his Complaint failed to allege any sufficient ultimate facts describing how he suffered an injury falling within the Lanham Act's "zone of interests" i.e., an "injury to a commercial interest in reputation or sales." *Lexmark*, 572 U.S. 118 at 132. In his Complaint, Plaintiff alleges that he was employed as a semi-truck driver for USA Truck. (Compl. ¶¶ 17, 70). Nowhere in his allegations does Plaintiff allege he had a commercial interest in reputation or sales – nor does he ever allege how *Morgan & Morgan's allegedly false advertisements supposedly harmed his unknown commercial interest.* His only reference to "reputation" is "Dr. Rubin's misdiagnosis of [Plaintiff] caused [him] to attempt suicide twice, be wrongfully terminated from his job, it *ruin [sic] Burgess's reputation as a truck driver*, and it put Burgess in a major financial debt." (Compl. ¶ 78).

This sole allegation related to "reputation" clearly concerns Dr. Rubin's alleged misdiagnosis. In other words, Plaintiff alleges that Dr. Rubin ruined his reputation. It is entirely unclear how Morgan & Morgan bears any responsibility for this, from a common sense and legal perspective. This is the definition of a conclusory statement that falls far short of establishing injury or standing. Plaintiff's abject failure to adequately allege any competitive injury traceable to Morgan & Morgan's advertisements precludes Plaintiff from establishing standing. *See In re Takata Airbag Prods. Liab. Litig.*, 524 F. Supp. 3d 1266, 1286 (S.D. Fla. 2021) (no Lanham Act standing where plaintiffs failed to allege they were competitors of defendants). On this basis alone, Plaintiff's claim must be dismissed.

        2.      <u>Plaintiff failed to allege that his injury flowed from the purportedly false advertising.</u>

Even somehow assuming that Plaintiff's sole allegation regarding his "reputation" was sufficient, which it is not, his claim should still be dismissed because Plaintiff failed to allege how Plaintiff's purported economic or reputational injury "flows *directly* from the deception wrought by the defendant's advertising." *Lexmark*, 572 U.S. at 134. As described above, the apparent culprit is Dr. Rubin; Morgan & Morgan's advertising has nothing to do with Plaintiff's struggles. Further, the United States Supreme Court emphasized that—to satisfy the standing prong—the injury "occurs when deception of consumers causes them to withhold trade *from the plaintiff*." *Id.* Absent from the Complaint is any mention of how Morgan & Morgan's advertisement caused *other consumers* to withhold trade from Plaintiff. Instead, Plaintiff's allegations revolve around Morgan & Morgan's decision to not represent him, which he wrongly claims is false advertising. Under the circumstances, Plaintiff has not alleged *any* facts establishing standing to sue under the Lanham Act, much less sufficient facts to state a cause of action. Plaintiff's Complaint must be dismissed.

        3.      <u>Amendment would be entirely futile.</u>

This Court must dismiss the Complaint with prejudice because Plaintiff cannot amend his Complaint to remedy these fatal deficiencies. Amendment is futile when no cause of action for the claim exists. *See, e.g.*, *Griffin v. General Mills, Inc.*, 634 F. App'x 281, 287 n.7 (11th Cir. 2015) ("[The Plaintiff] has no cause of action . . . thus, the proposed amendment would be futile[.]"); *Compagnoni v. United States*, 173 F.3d 1369, 1371 (11th Cir. 1999) ("[T]he proposed amendment would be futile[ ] because ... [the defendant] did not have a cause of action under [the statute]."). Courts have dismissed a plaintiff's claims under the Lanham Act due to lack of standing under similar circumstances. *See, e.g.*, *Couch v. Wyndham Worldwide Corp.*, No.

7

618CV2199ORL40LRH, 2019 WL 13183565, at *2 (M.D. Fla. May 23, 2019) (determining amendment would be futile because plaintiffs lacked standing under Lanham Act). Plaintiff cannot plead sufficient facts somehow connecting his desire to have the Firm represent him with any cognizable injury that the Lanham Act is meant to remedy.[2]

## CONCLUSION

Plaintiff cannot state a cause of action under the Lanham Act because he lacks standing. In light of these pleading deficiencies any further attempt to amend the allegations would be futile. Therefore, Defendant, Morgan & Morgan, P.A., respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice, award Defendant its costs and reasonable attorneys' fees incurred in defending this action, and grant such further relief as this Court deems just and proper.

---

[2] Morgan & Morgan further contends that Plaintiff is not entitled to the relief that he seeks. The Lanham Act provides that a plaintiff is entitled, "subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." *See* 15 U.S.C. § 1117(a). Disgorgement of profits "is appropriate where: (1) the defendant's conduct was willful and deliberate, (2) the defendant was unjustly enriched, or (3) it is necessary to deter future conduct." *Optimum Techs., Inc. v. Home Depot U.S.A., Inc.*, 217 F. App'x 899 (11th Cir. 2007). Contrary to Plaintiff's claims, he is not entitled to "actual damages that he most likely would have recovered from U.S.A. Truck for wrongfully terminating [him]" and "pain and suffering and emotional distress." (*See* Compl. ¶¶ 102-07). Nor is Plaintiff entitled to "unjust and unlawful profits arising to the defendant's misconduct" for the reasons described above. (Compl. ¶ 103). Accordingly, Plaintiff's claim must also be dismissed due to his failure to allege proper damages, a necessary element of his claim.

Dated: June 9, 2025

Respectfully submitted,

FORD & HARRISON LLP

By: */s/Madonna M. Snowden*

Luis A. Santos
Florida Bar No. 84647
lsantos@fordharrison.com
Sara K. Finnigan
Florida Bar No. 1032142
Madonna M. Snowden
Florida Bar No. 124522
300 South Orange Avenue
Suite 1300
Orlando, FL  32801
Telephone:	407-418-2300
Facsimile:	407-418-2327
Attorney for Defendant
Morgan & Morgan, P.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system on June 9, 2025, on all counsel of or parties of record on the Service List below.

## SERVICE LIST

Pro Se Plaintiff Thomas Burgess
thomasb33407@outlook.com
1860 North Tamarind Avenue, Apt. 3
West Palm Beach, FL  33407
Telephone:  561-767-1023

*/s/Madonna M. Snowden*
Madonna M. Snowden

WSACTIVELLP:114297462.1 - 6/9/2025 5:23 PM